UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>AETNA LIFE INSURANCE COMPANY, et al.,<br><br>　　　　　Defendants. | Case No.: 5:14-cv-03903-PSG<br><br>**ORDER REMANDING TO STATE COURT**<br><br>**(Re: Docket No. 13)** |

Two years ago, Plaintiff Community Hospital of the Monterey Peninsula ("CHOMP") admitted a patient for various emergency medical services.[1] The patient was a member of an employer self-funded health plan administered by Defendants Aetna Life Insurance Company, Valueoptions of California, Inc. and Valueoptions Inc.[2] Although CHOMP continued to provide care to the patient, it says Defendants declined to provide authorization for the continued hospital care.[3] CHOMP then filed suit in state court, alleging various causes of action under California

---

[1] *See* Docket No. 1 at 8.

[2] *See id.* at 8, 10.

[3] *See id.* at 9.

1

Case No.: 5:14-cv-03903-PSG
ORDER REMANDING TO STATE COURT

state law.[4] After Aetna removed to this court based on ERISA preemption, CHOMP moved to remand.[5] Because ERISA does not preempt any of CHOMP's claims, the court remands the case to Monterey Superior Court.[6]

**I.**

The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(1), contains "expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'"[7] One form of ERISA preemption is "complete preemption" under § 502(a)(1)(B), 29 U.S.C. § 1132(a) (" Section 502").[8] Under Section 502, "[a]ny state-law cause of action that duplicates, supplements, or supplants ERISA's civil enforcement remedy" is preempted because it "conflicts with clear congressional intent to make that remedy exclusive."[9] Indeed, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"[10]

Under Section 502, "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1) (B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's

---

[4] *See id.* at 10-13.

[5] *See* Docket No. 13.

[6] *See, e.g., John Muir Health v. Cement Masons Health and Welfare Trust Fund for Northern California*, Case No. 14-cv-03115-TEH, 2014 WL 4756236 at *8 (N.D. Cal, Sept. 24, 2014).

[7] *Aetna Health Inc. v. Davila,* 542 U.S. 200, 200 (2004) (citing *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523 (1981)).

[8] *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.,* 581 F.3d 941, 945 (9th Cir.2009).

[9] *Davila,* 542 U.S. at 209.

[10] *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66 (1987)).

actions'" (the "*Davila* test").[11]  In *Davila,* the Supreme Court determined that the first prong was met because the plaintiffs' only claims related to "denial of benefits promised under the terms of the ERISA regulated employee benefit plans," and the plaintiffs could have brought an action under Section 502.[12]  The second prong was met because the plaintiffs' civil action sought only to "rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan[], and [did] not attempt to remedy any violation of a legal duty independent of ERISA."[13]

According to the complaint, on September 10, 2012, CHOMP admitted to its emergency room a patient belonging to a health plan administered by Defendants.[14]  Over the next week, CHOMP provided the patient emergent and necessary medical services.  At the time of Patient's admission, Defendants had verified the patient's eligibility for healthcare benefits.  A few days later, CHOMP contacted Defendants and requested concurrent authorization for continued post-stabilization—medically necessary services.  This time, Defendants refused to provide authorization and failed to take any action to procure an alternate level of care for patient or to assume responsibility for patient's care.  When CHOMP sent Defendants a bill for the services rendered, Defendants refused to pay.[15]

CHOMP then filed this suit in the Superior Court for the County of Monterey.[16]  The complaint asserts four causes of action, each of which arises under California law.[17]  The first cause of action alleges violation of California's Unfair Competition Law based on state statutes

---

[11] *Marin,* 581 F.3d at 946 (quoting *Davila,* 542 U.S. at 210).

[12] *Davila,* 542 U.S. at 211.

[13] *Id.* at 214.

[14] *See* Docket No. 1 at 8-10.

[15] *See id.*

[16] *See id.* at 7.

[17] *See id.* at 10-13.

3

Case No.: 5:14-cv-03903-PSG
ORDER REMANDING TO STATE COURT

and the second, third and fourth causes of action allege that Defendants owe CHOMP monies for services rendered.[18]  The specific acts giving rise to these claims include Defendants' alleged failure to pay for emergency services as mandated by California law, including California Health & Safety Code § 1371.4.  These acts also include Aetna's alleged failure to take legally required action to the extent they disputed the medical necessity of the treatment provided to the patient by CHOMP at the time it was reported to Defendants.[19]

Aetna removed the case to this court, prompting CHOMP to move for remand.

## II.

The court has removal jurisdiction under 28 U.S.C. § 1441 and 1446(a).  Defendants claim removal jurisdiction under 28 U.S.C. § 1331.[20]  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[21]

Because the court remands the case, it does not consider substantive defenses brought by Defendants, such as those regarding Aetna's role as administrator.[22]

## III.

*Davila*'s two-prong test for removal of state law claims is straightforward:  (1) could the plaintiff have brought its claims under Section 502 of ERISA and (2) do the defendant's actions implicate any independent legal duty?  Neither prong is satisfied here.

*First*, CHOMP could not bring its claims as an ERISA beneficiary.  Aetna highlights the patient's assignment to CHOMP of all benefits under the plan.  "ERISA preempts the state

---

[18] *See id.*

[19] *See id.*

[20] *See* Docket No. 1 at 1.

[21] *See* Docket Nos. 7, 8, 11.

[22] *See* Docket No. 20 at 2.

4

Case No.: 5:14-cv-03903-PSG
ORDER REMANDING TO STATE COURT

claims of a provider suing as an *assignee* of a beneficiary's rights to *benefits* under an ERISA plan."[23]  But CHOMP explicitly disavows any claim based on the patient's right to benefits under its employer's ERISA plan.  CHOMP instead bases its claim on state law payment standards for emergency and medically necessary services it provided after Defendants allegedly failed to take over the patient's care.[24]

In *Marin General Hospital v. Modesto & Empire Traction Co.*, the Ninth Circuit held that, despite an assignment of benefits, the first prong of the *Davila* test was not satisfied because the claims arose out of an oral agreement between the hospital and an insurance plan administrator to pay certain of the patient's hospital charges above and beyond those covered by the ERISA plan.[25]  Aetna attempts to distinguish *Marin General Hospital* by arguing that CHOMP does not allege that Defendants have entered into any contracts with it.[26]  But as CHOMP correctly notes, what was dispositive in *Marin General Hospital* was the fact that the hospital's claim stemmed from a non-ERISA obligation, not the particular source of that obligation:

> [I]n the case before us the patient assigned to the Hospital any claim he had under his ERISA plan. Pursuant to that assignment, the Hospital was paid the money owed to the patient under the ERISA plan.  The Hospital now seeks more money based upon a different obligation.  The obligation to pay this additional money does not stem from the ERISA plan, and the Hospital is therefore not suing as the assignee of an ERISA plan participant or beneficiary under § 502(a)(1)(B). Rather, the asserted obligation to make the additional payment stems from the alleged oral contract between the Hospital and MBAMD.  As in *Blue Cross,* the Hospital is not suing defendants based on any

---

[23] *The Meadows v. Employers Health Ins.,* 47 F.3d 1006, 1008 (9th Cir.1995) (citing *Misic v. Building Service Employees Health & Welfare Trust,* 789 F.2d 1374, 1378 (9th Cir.1986)) (emphasis in original).

[24] *See* Docket No. 1 at 10-13.

[25] *See Marin Gen. Hosp.*, 518 F.3d at 947.

[26] *See* Docket No. 20 at 8.

Case No.: 5:14-cv-03903-PSG
ORDER REMANDING TO STATE COURT

assignment from the patient of his rights under his ERISA plan pursuant to § 502(a)(1)(B); rather, it is suing in its own right pursuant to an independent obligation.[27]

Here, as in *Marin General Hospital*, the plaintiff is not suing as the assignee of an ERISA plan participant or beneficiary under Section 502(a)(1)(B), and is not seeking benefits under an ERISA plan. As in that case, the plaintiff therefore could not have brought the instant claims under Section 502(a)(1)(B).[28]

*Second*, Aetna's actions implicate legal duties that are independent of those under ERISA. Claims are based on other independent legal duties if they would exist whether or not an ERISA plan existed.[29] State law legal duties are not independent of ERISA where "interpretation of the terms of [the] benefit plan forms an essential part" of the claim, and legal liability can exist "only because of [the] administration of ERISA-regulated benefit plans."[30] Like the plaintiff in *People of the State of California v. Blue Cross of California,* CHOMP's claims depend on an interpretation of state law, and do not in any way involve the interpretation of any ERISA plans administered by defendants.[31]

---

[27] *Marin General Hospital,* 581 F.3d at 948; *see also Blue Cross of California v. Anesthesia Care Assocs. Med. Group Inc.,* 187 F.3d 1045, 1050 (9th Cir.1999) (holding claims of medical providers against health care plan for breach of provider agreements were not completely preempted by ERISA because "the Providers' claims, which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans, and hence do not fall within § 502(a)(1)(B).").

[28] *Cf. People of the State of California v. Blue Cross of California,* Case No. 3:11-cv-3107-SI, 2011 WL 4723758, at * (N.D. Cal. Oct. 7, 2011) (holding that ERISA did not preempt claims based on Cal. Health & Safety Code § 1371.4).

[29] *See Marin General Hospital,* 581 F.3d at 950.

[30] *Davila,* 542 U.S. at 211.

[31] *See People of the State of California*, 2011 WL 4723758, at *16; *John Muir Health*, 2014 WL 4756236, at * 6 (holding that claim arising under Section 1371.4 not preempted where plaintiff medical provider sought payment for emergency services regardless of the patient's actual entitlement to ERISA benefits).

6
Case No.: 5:14-cv-03903-PSG
ORDER REMANDING TO STATE COURT

### IV.

CHOMP's motion to remand is GRANTED. The case is remanded to Monterey Superior Court. The Clerk shall close the file.

**SO ORDERED.**

Dated: January 9, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge